IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Theron Andrew Rodden, | ) | C/A No.: 1:12-503-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff requests $3,236.57 in attorney's fees on the ground that he is a prevailing party under the EAJA. [Entry #31]. The Commissioner does not dispute that Plaintiff is entitled to EAJA fees, but argues that the fees should be reduced by 50% because Plaintiff's counsel recycled facts and argument from prior briefs in preparing the briefs in this case. [Entry #32]. For the reasons set forth below, the Commissioner's objections are overruled and Plaintiff's motion is granted.

I.     Factual Background

On December 6, 2001, Plaintiff filed applications for DIB and SSI under the Social Security Act ("the Act"), 42 U.S.C. §§ 401–433, 1381–1383c. Tr. at 15. In his applications, he alleged his disability began on November 27, 2001. *Id.* His applications

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the defendant in this lawsuit.

were denied initially and not pursued. *Id.* On November 8, 2005, Plaintiff filed a second

round of applications for DIB and SSI in which he alleged his disability began on April 1,

2003. Tr. at 110–12, 115–18. His second applications were denied initially and upon

reconsideration, Tr. at 67–68, 75–78, and an Administrative Law Judge ("ALJ") issued

an unfavorable decision on September 17, 2008, finding that Plaintiff was not disabled

within the meaning of the Act. Tr. at 15–26. Subsequently, the Appeals Council denied

Plaintiff's request for review, making the ALJ's decision the final decision of the

Commissioner for purposes of judicial review. Tr. at 1–3. Thereafter, Plaintiff brought a

civil action in this court challenging the Commissioner's decision. Tr. at 452–53. On

August 9, 2011, the court remanded the case to the Commissioner for further

proceedings. Tr. at 406–07.

On remand, the Appeals Council vacated the ALJ's original decision and

remanded the case to ALJ Richard Vogel for another hearing and a new decision. Tr. at

447–49. The ALJ held a new hearing on December 9, 2011 (Tr. at 377–401), and, on

February 2, 2012, issued a partially-favorable decision finding Plaintiff disabled as of

February 2010. Tr. at 361–72. Plaintiff subsequently filed this action seeking judicial

review of the unfavorable portion of the Commissioner's decision in a complaint filed on

February 23, 2012. [Entry #1.] On March 1, 2013, the undersigned reversed and

remanded the case, finding that the ALJ had not complied with the court's order of

August 9, 2011, because he failed to address Plaintiff's bipolar disorder in his listing

analysis and failed to sufficiently specify the Listing under which he analyzed Plaintiff's

impairments. [Entry #29 at 33].

II.     Discussion

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The eligibility requirements for an award of fees under the EAJA are: (1) that the claimant is a prevailing party; (2) that the government's position was not substantially justified; (3) that no special circumstances make an award unjust; and (4) that the fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *See Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991).

Because this court remanded to the ALJ pursuant to 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" under the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The Commissioner does not make a substantial justification argument. Rather, the Commissioner seems to argue that special circumstances exist because Plaintiff's counsel relied on recycled facts and argument in drafting Plaintiff's briefs. [Entry #31]. The Commissioner contends Plaintiff's fee award should be reduced by 50%, but presents no justification for that calculation. Plaintiff timely submitted his fee application and his counsel provided an itemized statement documenting the 17.60 hours she spent on the case. [Entry #31-4]. In doing so, Plaintiff's counsel certified to the court, under penalty of perjury, that she actually worked the stated hours on Plaintiff's case. The court has no reason to question the billing records of Plaintiff's counsel.

3

Consequently, the court finds that Plaintiff has satisfied the eligibility requirements for EAJA fees.

III.    Conclusion

For the foregoing reasons, the court does not find any special circumstances that make an award of attorney's fees unjust. Accordingly, the court grants Plaintiff's motion and directs the Commissioner to pay Plaintiff $3,236.57. Such payment shall constitute a complete release from and bar to any and all further claims that Plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision. This award is without prejudice to the rights of Plaintiff's counsel to seek attorney fees under section 406(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

        IT IS SO ORDERED.

                                            Shiva V. Hodges

May 21, 2013                                Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

4